## Lappe v. Lappe.

*A. M. Neeper*, for plaintiff.

Four out of five defendants consented to a partition proceeding and were willing that the real estate in question should be divided as prayed for. But one of the defendants in the case persistently and purposely avoided service of the bill of complaint. She refused to receive from the mail-carriers registered letters containing a copy of the bill of complaint and practically all mail for some time. She secreted herself in her dwelling-house and refused to answer the door bells and knocks upon the front and rear doors seeking admission or having for their object the bringing of the defendant to the door so that she could be served. The question came on how to obtain service and bring that defendant into court under the circumstances. After a search extending over two or three months at intervals, nothing was found in equity practice that would be a guide to get a service of a sufficient character to get the defendant into court and obtain jurisdiction over her interests in the property to be partitioned.

It was then that Equity Rule 27 as recently promulgated by the Supreme Court of Pennsylvania was tried to solve the difficulty. This rule provides: "And if no method of service is provided thereby, then, if this is allowable by chancery practice, in such a way as may be directed by the court. The court, or a law judge thereof, may direct how service shall be made in special cases."

A petition was presented to court, setting forth the difficulties encountered in the attempted service of the bill. Observation showed that the defendant was at home, and over the telephone she announced that she would prevent service of the bill until terms dictated by herself were complied with. The court entered the following order:

### Order of court.

And now, March 19, 1928, the foregoing petition presented in open court, and upon consideration thereof and the affidavits attached thereto, it appearing to the court that Norma B. Lappe is deliberately preventing the service of the bill of complaint on her as one of the defendants therein, on motion of A. M. Neeper, Esq., solicitor for plaintiffs, it is ordered and directed that a true and correct copy of the bill of complaint in this case and a true copy of this order be attached to the handle of the lock of the front door of the dwelling-house of Norma B. Lappe, No. 5508 Baywood Street, 11th Ward, City of Pittsburgh, Allegheny County, Pennsylvania, and like copies of said bill and order be attached to the handle of the lock of the door at the rear entrance of said dwelling-house; further, that said copies be so attached in the presence of at least two adult persons, who shall sign and swear to an affidavit

210

or affidavits detailing the procedure and the facts constituting the fastening of said bills of complaint and orders to the entrances of said dwelling-house, which affidavits shall be filed in the records of this proceeding. It is further ordered, adjudged and decreed that if the defendant, said Norma B. Lappe, does not within fifteen days from the date of the fastening of said copies of said bill of complaint and order to her said residence, as aforesaid, enter a written appearance therein, and, having entered an appearance, does not within thirty days of the date of the affixing of said copies at said dwelling-house as aforesaid, file an answer to the bill of complaint, then, in case of the failure of said defendant either to enter an appearance or to file an answer to bill of complaint, the same may be taken *pro confesso* and a decree entered in her absence, and all proceedings in the suit shall be with the same force and effect as if personal service of said bill of complaint had been made upon said defendant, Norma B. Lappe, as required by the equity rules now in force and effect.

To this order the following return was made by three men chosen to make the service:

"All three affiants aver, that at about 10.50 A. M., March 20th, 1928, the bells on the front and rear entrances of defendant's residence situate as above specified were operated and in addition thereto the front and rear doors were knocked upon and kicked forcibly to such an extent that any occupant of said residence any place therein could hear, both the bells and the knockings and kickings on said doors. To all of said signals no response was made and nobody came to either the front or rear doors.

"The stranded wire which was in our possession was cut in two lengths and one end of said strand of wire was wrapped around the shank of the knob or lock of the front door two or three times and tightly looped in position so that the end of the wire extended beyond the loop or knot fastening it to the shank of the door handle or knob of the lock. That the other end of said length of wire was threaded through the eyelets, fastening together a true and correct copy of the bill of complaint in the above entitled case and the order of court entered on March 19, 1928, and directed to be attached to said residence of said defendant. The end of the strand of wire so threaded the eyelet fastening said documents was then threaded through the loop of the screw eye which had been screwed into the jamb of the door in which said lock was located and which fastened said door and was brought back and threaded through the loops of said wire made by carrying through the openings in the eyelets fastening said documents together. That the free end of said wire was then twisted around the other free end thereof extending beyond the knot in said wire at the shank of said lock and the twisted wire looped around that part of the wire extending through said eyelets; that the wire so fastened to the lock and the screw eye with the bill of complaint and order thereon was fastened between the lock and said screw eye in such a manner that said door could not be opened without the party opening the same observing the documents and using considerable force to break the wire or removing said wire and documents by cutting said wire.

"All of said affiants aver that having fastened said bill of complaint to the residence of said defendant at the front and rear doors thereof in the manner above indicated, left said premises about eleven o'clock A. M., on March 20, 1928, and that while there no occupant of the house appeared at either door to render service of the bill of complaint in the above entitled case upon said occupant by handing a copy thereof to said occupant."

Counsel for plaintiff presented this return to the court, when the following order was entered enabling the proceeding to be finally adjudicated:

### Order of court.

And now, March 21, 1928, the foregoing return and verification thereof of the service of the order of this court entered March 19, 1928, and the bill of complaint attached thereto, being presented in open court, on motion of the solicitor for the plaintiffs, upon consideration thereof, the same is directed to be filed.

From William J. Aiken, Pittsburgh, Pa.